UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 5:10-cr-78-JMH-EBA |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MAL ERIC WALTON, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*

This matter is before the Court on the Recommended Disposition entered by Magistrate Judge Edward B. Atkins. [D.E. 717]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant Walton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. [D.E. 518]. Following an initial review of the petition, the Magistrate ordered Defendant to show cause why the matter should not be dismissed [D.E. 521], to which Defendant responded. [D.E. 533]. After reviewing the response, the Magistrate discharged the show cause order and ordered the United States to respond. [D.E. 536]. The United States filed a response [D.E. 556] and Defendant filed a reply. [D.E. 572].

In his Recommended Disposition, the Magistrate Judge concludes: (1) that there is not a factual or legal basis to find that counsel was ineffective by failing to object to the

sentencing enhancement for a leadership role; (2) that counsel was not ineffective by failing to challenge his PSR because the record shows the PSR was challenged; (3) that counsel was not ineffective by failing to apprise Defendant of his PSR because the record shows Defendant was apprised of his PSR and, in any event, Defendant did not show how he was prejudiced by not being apprised of his PSR; (4) that counsel was not ineffective by failing to inform him of the possible penalties he would face upon entering a guilty plea because the record reveals that Defendant was made aware of the penalties in Court proceedings and Defendant does not allege that if he had known the penalties he would not have entered a plea of guilty; (5) that counsel was not ineffective by failing to provide him a copy of his case file for preparation of the current motion because counsel provided documentation that the case file had been provided to Defendant on multiple occasions; (6) that there is no evidence that Defendant did not have access to his entire case file or that the Government committed a *Brady* violation; (7) that counsel was not ineffective for failing to argue the applicability of the Fair Sentencing Act at sentencing because, at the time of sentencing, the Fair Sentencing Act was not considered retroactively applicable; (8) that the Court did not commit error by enhancing his offense by four levels pursuant to U.S.S.G. § 3B1.1(a) because the enhancement was based upon facts

Defendant stipulated to in his plea agreement; (9) that the Court did not err in attributing 50 grams of crack cocaine to Defendant because Defendant stipulated in his plea agreement that he would be responsible for between 196 and 240 grams of crack cocaine; and (10) that no evidentiary hearing was necessary to determine Defendant's claims.

The Magistrate Judge's Report and Recommendation [D.E. 717] was filed on April 22, 2014, advising Petitioner that particularized objections to same were due within fourteen days or further appeal would be waived. That time has now expired, and Petitioner has filed no objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when the defendant fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Recommended Disposition as its own.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . .

only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED:**

(1) that the Recommended Disposition of Magistrate Judge Edward B. Atkins [D.E. 717] be, and the same hereby is, **ACCEPTED** and **ADOPTED;**

(2) that the Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 [D.E. 518] be, and the same hereby is, **DISMISSED WITH PREJUDICE;** and

(3) that no certificate of appealability will issue.

This the 15th day of May, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge